UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SCOTT W.,[1]

        Plaintiff,

   v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:21-CV-00345-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Scott W. seeks judicial review of the final decision by the Commissioner of the Social Security Administration ("Commissioner") denying his application for denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33. For the reasons set forth below, that decision is REVERSED and this matter is REMANDED for further proceedings.

    Plaintiff protectively filed for SSI on March 19, 2018, alleging disability beginning on November 15, 2017. Plaintiff's application was initially denied on August 1, 2018, and upon reconsideration on November 29, 2018. Plaintiff requested a hearing before an Administrative

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

Law Judge ("ALJ"), which took place by video on November 21, 2019. At that hearing, plaintiff and a vocational expert testified. The ALJ issued a decision on January 10, 2020, finding plaintiff not disabled within the meaning of the Act. Tr. 13. The Appeals Council denied plaintiff's request for review on January 19, 2021. Tr. 1-3. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to

determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).  The claimant bears the burden of proof at steps one through four.  *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).  The Commissioner bears the burden of proof at step five.  *Id.* at 953-54.

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 15, 2017.  Tr. 15.  At step two, the ALJ determined plaintiff had the following severe impairments: chronic pain syndrome, degenerative disease of the lumbar spine with a history of laminectomy, degenerative joint disease of the left carpometacarpal and right index metacarpophalangeal joints, inguinal hernia, and obesity (20 CFR 404.1520(c)).  Tr. 15.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  Tr. 16.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found he "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is limited to lifting and carrying 20 pounds occasionally and ten pounds frequently, standing and/or walking six hours and sitting six hours in an eight-hour workday with normal breaks.  He is limited to occasional climbing of ramps and stairs and no climbing of ladders, ropes, or scaffolds.  He is limited to occasional stooping and crawling.  He can perform frequent bilateral handling and fingering."  Tr. 17.

At step four, the ALJ found plaintiff had past relevant work as food service director, which did not required the performance of work-related activities precluded by his RFC.  Tr. 20.  Thus, the ALJ concluded plaintiff was not disabled.  Tr. 22.

**DISCUSSION**

Plaintiff contends the ALJ erred at step four by improperly classifying his past relevant work at an assisted living facility as food service director rather than as the composite job of food service director and line cook. Plaintiff contends this distinction is "outcome-determinative, because if it is a composite job he cannot perform it because the line cook job exceeds the assessed light RFC, and therefore the ALJ erred by denying his claim at step 4." Plaintiff further argues that because the ALJ did not make any step 5 findings, remand is the only appropriate remedy.

"At step four, claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e) and 416.920(e), and *Clem v. Sullivan,* 894 F.2d 328, 330 (9th Cir. 1990)). "Once they have shown this, the burden at step five shifts to the [Commissioner] to show that, taking into account a claimant's age, education, and vocational background, [the claimant] can perform any substantial gainful work in the national economy." *Id.* (citing 20 C.F.R. §§ 404.1520(f) and 416.920(f), and *Moore v. Apfel,* 216 F.3d 864, 869 (9th Cir. 2000)). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support [the ALJ's] conclusion." *Id.*

The ALJ found plaintiff was capable of performing past relevant work as food service director, the position he held at Homewood on the Willamette ("Homewood"), an assisted living facility. Tr. 20. At the hearing, plaintiff testified that his "title as a food service director pretty much equaled line cook," and "it was more or less a glorified title for lack of a better term." Tr. 40. He explained, "Most of my days were spent in the kitchen preparing food, putting away large orders, and then subsequent, a little bit of scheduling and supervision too." Tr. 40.

The ALJ rejected plaintiff's contention that his position at Homewood was a composite job of both food service director and line cook because the written job descriptions that plaintiff had provided for the two positions were inconsistent. Tr. 21 (citing Tr. 193). But the written description that plaintiff provided for food service director includes "preparing three meals a day," which is consistent with the written description that he provided for line cook, which includes "prepar[ing] entrees, desserts, and all menu items." Tr. 193. The ALJ further found that in plaintiff's written description of the food service director position, he "did not indicate that he handled food." Tr. 21. To the contrary, plaintiff's written description of that position includes that he "[p]repared three meals a day. . . and creat[ed] special fare for banquets and holidays." Tr. 193. This clearly indicates that plaintiff handled food.

Moreover, plaintiff's written description of the food service director position at Homewood is no different than the one he provided for the "chef" position he later held at another assisted living facility: both positions involved managing meal preparation in a facility of approximately 200 residents, preparing three meals a day, accommodating dietary needs, and preparing special fare for banquets, and holidays. Tr. 192-93. Plaintiff also testified that he did the same type of work, i.e., "cooking", at both assisted living facilities. Tr. 34. In fact, plaintiff's entire work history consists of chef/cook positions, including at three assisted living facilities; only Homewood used the title of food service director. Tr. 179. That Homewood chose to use the title of food service director for what was elsewhere recognized as a chef position is not a proper basis upon which to discredit plaintiff's testimony.

The ALJ also relied on the fact plaintiff included in his written description of the food service director position that he supervised people 75% of the time. But, again, that is not inconsistent with plaintiff's prior chef/cook positions where he spent a significant portion of his

time supervising others.  *See* Tr. 181 (as executive chef, supervised 100%); Tr. 184 (as chef, supervised 50%); Tr. 188 (as chef, supervised 80-90%).

Therefore, the ALJ's finding that plaintiff could perform past work as food service director is an unreasonable interpretation of the record.  Instead, the record indicates that plaintiff held a composite job, as he contends.  The Ninth Circuit has recognized that "[e]very occupation consists of a myriad of tasks, each involving different degrees of physical exertion," and "[t]o classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985).  Thus, the error is not harmless, and this matter must be remanded for further proceedings, including a proper step five analysis.

## ORDER

The Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

DATED  July 6, 2022.

                                                   /s/ Youlee Yim You
                                                 Youlee Yim You
                                                 United States Magistrate Judge